UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

---

ADAM GIBSON and
RICHARD WILSON,

        Plaintiffs,

v.

STELLAR RECOVERY, INC.,

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiffs

7. Plaintiff Adam Gibson (hereinafter "Plaintiff Gibson"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. § 1692k(a).

8. At all times herein, Plaintiff Gibson was over the age of 18.

9. Plaintiff Richard Wilson (hereinafter "Plaintiff Wilson"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. § 1692k(a).

10. Plaintiff Wilson is the father of Plaintiff Gibson.

11. Plaintiffs do not reside at the same address.

12. Plaintiffs do not share a telephone line.

### Defendant

13. Defendant Stellar Recovery, Inc. (hereinafter "Defendant"), is a Florida corporation with its principal place of business located at 1327 Highway 2 West, Suite 100, Kalispell, MT 59901.

14. Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

### FACTUAL SUMMARY

15. Sometime prior to September 2013, Plaintiff Gibson incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

16. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

3

17. Sometime in early September 2013, Defendant placed a telephone call to Plaintiff Wilson regarding Plaintiff Gibson's debt.

18. Plaintiff Wilson specifically instructed Defendant not to contact him regarding the financial matters of his adult son.

19. On or about September 17, 2013, Defendant placed a second telephone call to Plaintiff Wilson.

20. Defendant disclosed information regarding the amount purportedly owed by Plaintiff Gibson and also the original creditor of Plaintiff Gibson's alleged debt to Plaintiff Wilson.

21. Plaintiff Wilson again stated to Defendant that he did not want to be contacted regarding the financial matters of his adult son.

22. Defendant acknowledged that it was aware that Plaintiff Gibson was an adult.

23. Defendant requested contact information from Plaintiff Wilson for Plaintiff Gibson.

24. Plaintiff Wilson refused to provide Defendant with the requested information.

25. Defendant indicated that it would continue to contact Plaintiff Wilson regarding Plaintiff Gibson's debt because Plaintiff Wilson refused to provide contact information for his son.

## Violations of The Fair Debt Collection Practices Act

26. Defendant disclosed information regarding an alleged debt to a third party under no obligation to pay the alleged debt. Defendant's conduct violates Section 805 of the FDCPA, 15 U.S.C. § 1692c(b).

27. Defendant contacted a third party on more than one occasion and did so after being specifically advised not to contact the third party regarding financial matters of Plaintiff Gibson. Defendant's conduct violates Section 804 of the FDCPA, 15 U.S.C. § 1692b(3).

28. Defendant's conversations with a third party were not made for the purpose of attaining contact information and revealed information to the third party regarding an alleged debt owed by Plaintiff Gibson. Defendant's conduct violates Section 804 of the FDCPA, 15 U.S.C. §§ 1692b(1) and 1692b(2).

29. Upon information and belief, Defendant made repeated contacts to Plaintiff Gibson's father, Plaintiff Wilson, in an effort to disgrace Plaintiff Gibson in the eyes of his family. Defendant's conduct violates Section 807 of the FDCPA, 15 U.S.C. §§ 1692d and 1692e(7).

30. Plaintiff Gibson suffered actual damages under the FDCPA in the form of sleeplessness, nervousness, embarrassment when talking to or seeing friends and family, and negative impacts on personal and professional relationships.

31. Plaintiff Wilson suffered actual damages under the FDCPA in the form of fear of answering the telephone, and embarrassment when talking to or seeing family.

## Respondeat Superior Liability

32. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

33. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

34. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

35. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

36. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

37. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

41. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

42. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

43. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

44. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated: December 10, 2013        MARTINEAU, GONKO & VAVRECK, PLLC

 s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
mvavreck@mgvlawfirm.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF ~~DAKOTA~~ Ramsey  )

ADAM GIBSON, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ _____
ADAM GIBSON

Subscribed and sworn to before me
this 16th day of Dec 2013.

_____
Notary Public

TAJUDEEN O. RAHMON
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31 2015

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA    )
                      ) ss
COUNTY OF RAMSEY      )

RICHARD WILSON, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ *Richard Wilson*
RICHARD WILSON

Subscribed and sworn to before me this 16th day of Dec 2013.

_____
Notary Public

TAJUDEEN O. RAHMON
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31 2015

10